**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JERRY HARTRIM, | No. 13-15396 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00003-MMD-PAL |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[**] District
Judge.

Las Vegas Metropolitan Police Department officers, Ferrante and Delaria

(collectively, "Officers"), appeal from the district court's order denying their

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

motion for summary judgment on the basis of qualified immunity in a 42 U.S.C. § 1983 action brought by Jerry Hartrim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Summary judgment based on a claim of qualified immunity should not be granted if (1) "the facts, when taken in the light most favorable to Plaintiff[], show that Defendants' conduct violated a constitutional right," and (2) "the constitutional right at issue is 'clearly established.'" *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008).

1. "Under ordinary circumstances, when the police have only reasonable suspicion to make an investigatory stop, drawing weapons and using handcuffs and other restraints will violate the Fourth Amendment." *Washington v. Lambert*, 98 F.3d 1181, 1187 (9th Cir. 1996). Nevertheless, "we allow intrusive and aggressive police conduct without deeming it an arrest . . . when it is a *reasonable* response to legitimate safety concerns on the part of the investigating officers." *Id.* at 1186 (emphasis in original). We have identified some situations where handcuffs may be used lawfully as part of an investigation:

> (1) where the suspect is uncooperative or takes action at the scene that raises a reasonable possibility of danger or flight; (2) where the police have information that the suspect is currently armed; (3) where the stop closely follows a violent crime; and (4) where the police have information that a crime that may involve violence is about to occur.

2

*Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1176 (9th Cir. 2013) (internal quotation marks omitted). Reviewing the facts as alleged by Hartrim, the Officers' handcuffing and subsequent detention of Hartrim was not reasonable. As represented by Hartrim and his wife, Hartrim complied with each of the Officers' requests and did not prevent the Officers from entering his room to investigate Mrs. Wolke's disappearance. Hartrim was not yelling, nor did he threaten or make any physical contact with the Officers. Although Hartrim admittedly raised his voice when directing one question to the Officers, was agitated, and may have had his hands clenched at his side, these facts are insufficient to justify the Officers' conduct. Thus, Hartrim's allegations support his claim that the Officers violated his Fourth Amendment rights.

2. The constitutional rights at issue here were clearly established at the time of the incident. "The dispositive inquiry is 'whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted.'" *CarePartners, LLC v. Lashway,* 545 F.3d 867, 883 (9th Cir. 2008) (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)). In regard to Terry stops:

> the law [is] clearly established that, when making a *Terry* stop, officers may not use highly intrusive measures such as [drawing weapons and handcuffing], unless the circumstances reasonably

3

justify such extraordinary procedures in order to ensure the officers' safety. The law [is] also clearly established that if the *Terry*-stop suspects are cooperative and the officers do not have specific information that they are armed or specific information linking them to a recent or inchoate dangerous crime, the use of such aggressive and highly intrusive tactics is not warranted, at least when, as here, there are no other extraordinary circumstances involved.

*Lambert,* 98 F.3d at 1192 (internal citations omitted). Applying this precedent to the facts alleged by Hartrim, it would have been clear to a reasonable police officer that he was not authorized to handcuff or detain Hartrim. Thus, the district court did not err in denying the Officers' motion for summary judgment on grounds of qualified immunity.

AFFIRMED.